## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| THEODORE E. KENT, LEMAY F. KENT, DUSTIN L. EMMICK, SCOTT A. ROBERTS, LISA J. ROBERTS, HUONG KIM NGUYEN, LAWRENCE JOHNSON, MELODI JOHNSON, CHAD M. HANSON, REBECCA HANSON, RYAN HANSON, LOGAN W. RICE, NANCY B. COURT, BRIAN E. COURT, CHIP A. RICE, LINDA S. RICE, WILLIAM A. BIGELOW, MARJORIE E. VISKER, GERALD J. YARNES, and REBECCA YARNES, | Civil No. 11-2315 (JRT/LIB) |

Plaintiffs,

v.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; BANK OF NEW YORK MELLON *formerly known as* Bank of New York; MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC.; MERSCORP, INC.; U.S. BANK, NATIONAL ASSOCIATION; WELLS FARGO BANK, N.A.; and PETERSON, FRAM & BERGMAN, P.A.,

Defendants.

William B. Butler, **BUTLER LIBERTY LAW, LLC**, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, for plaintiffs.

Alan H. Maclin, Mark G. Schroeder, and Benjamin E. Gurstelle, **BRIGGS & MORGAN, P.A.**, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402; and Thomas M. Hefferon, **GOODWIN PROCTER LLP**, 901

New York Avenue NW, Washington, DC 20001 for defendants Bank of America, N.A.; BAC Home Loan Servicing, LP; Bank of New York Mellon; Mortgage Electronic Registration Systems, Inc.; US Bank, National Association; and Wells Fargo Bank, N.A.

Alan H. Maclin, Mark G. Schroeder, and Benjamin E. Gurstelle, **BRIGGS & MORGAN, P.A.**, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402 for defendant MERSCORP, Inc..

Jared M. Goerlitz and Steven H. Bruns, **PETERSON, FRAM & BERGMAN, P.A.**, 55 East 5th Street, Suite 800, St. Paul, MN 55101, for defendant Peterson, Fram & Bergman, P.A.

This case is one of more than thirty cases filed in this district in which the plaintiffs are represented by William B. Butler – in each, the plaintiffs challenge the validity of their mortgages in an attempt to prevent foreclosure. The matter is before the Court on Plaintiffs' motion to remand, and motions to dismiss and for attorneys' fees and costs brought by Defendants Bank of America, N.A.; BAC Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; Merscorp, Inc.; Wells Fargo Bank, N.A.; The Bank of New York Mellon; and Peterson, Fram & Bergman, P.A ("Peterson").

On May 31, 2012, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiffs' motion to remand and grant the Defendants' motions to dismiss and motions for attorneys' fees and costs. (Docket No. 58.) Plaintiffs made timely objections to the R&R. Having conducted a *de novo* review of those portions of the R&R to which Plaintiffs object, *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2(b), and having carefully reviewed the submitted materials, the Court overrules Plaintiffs' objections and adopts the R&R.

## BACKGROUND

Plaintiffs – except Theodore E. Kent and LaMay F. Kent – originally brought this action in Ramsey County District Court on April 19, 2011.  Defendants removed the case to this Court on May 19, 2011.  On July 22, 2011, Plaintiffs filed a motion of voluntary dismissal, added the Kents and two additional defendants, and re-filed the action in state court.  Defendants removed the re-filed case to this Court on August 11, 2011.  (Docket No. 1.)  On October 10, 2011, Plaintiffs filed an amended complaint.  (Docket No. 10.)

Plaintiffs object to the R&R's conclusion that this Court has subject matter jurisdiction because they claim the R&R incorrectly concluded that Peterson was fraudulently joined.  Plaintiffs also object to the R&R's conclusion that Defendants' motions to dismiss should be granted because all of Plaintiffs' claims are founded on an invalid show-me-the-note theory.[1]   Plaintiffs specifically object to the R&R's determination that their conversion, fraud, misrepresentation, unjust enrichment, quiet title, and slander of title claims are invalid.  Finally, Plaintiffs object that the Defendants have not shown they are entitled to costs and that the R&R erred in granting Defendants' attorneys' fees and costs.  The Court will address each of these objections.

---

[1] This show-me-the-note argument is, in short, that a mortgage is not valid (and cannot be foreclosed upon) unless the mortgagee holds the note secured by the mortgage.  The argument has been addressed and rejected by the Minnesota Supreme Court, *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 489-90 (Minn. 2009), and the United States Court of Appeals for the Eighth Circuit, *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 979-81 (8th Cir. 2011).

**ANALYSIS**

## I.   SUBJECT MATTER JURISDICTION

Plaintiffs object to this Court's exercise of jurisdiction because they claim the R&R incorrectly concluded that Peterson was fraudulently joined and did not address *Mutua v. Deutsche Bank Nat'l Trust Co.*, No. 11-3761, 2012 WL 1517241 (D. Minn. Apr. 30, 2012). In general, for a removed action, complete diversity must exist when the state complaint and the petition for removal are filed. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). Application of this rule here would mean that the Court did not have jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because at the time of filing and removal, Peterson's citizenship destroyed diversity. The fraudulent-joinder exception, however, prevents a plaintiff from defeating a defendant's right of removal by fraudulently joining a plaintiff. *Knudson*, 634 F.3d at 976.

"[T]o prove that a plaintiff fraudulently joined a diversity-destroying defendant . . . a defendant seeking removal [must] prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Id.* at 977 (citation omitted). The R&R concluded that Plaintiffs failed to state any viable claim against Peterson because each claim was based on a show-me-the-note theory or was otherwise improperly brought. As explained, *infra*, each claim should be dismissed

pursuant to Rule 12.[2]   Moreover, identical or virtually identical claims have been repeatedly rejected by this Court (and virtually every judge in this district) – usually because they are based on a show-me-the-note theory – thus, the claims have no reasonable basis in law and fact.

The Court has carefully considered *Mutua* and concludes that here, in contrast, Plaintiffs have not pled, and the Court cannot discern, an "unusually problematic chain of title[.]" 2012 WL 1517241, at *7.  The Court, therefore, concludes that Peterson was fraudulently joined.  Without Peterson, whose citizenship may be disregarded, the Court has diversity jurisdiction over this action pursuant to § 1332.  Because jurisdiction is proper, Plaintiffs' motion to remand will be denied.

## II.    MOTIONS TO DISMISS

### A.    Standard of Review

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *See, e.g.*, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To

---

[2] For the purposes of fraudulent joinder, the Court need only consider the claims brought against Peterson in the original – not the amended – complaint because fraudulent joinder exists if "on the face of plaintiff's **state court pleadings**, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (emphasis added). Plaintiffs added additional claims against Peterson in their Amended Complaint, but for the claims in both complaints (slander of title and fraud), the motion-to-dismiss analysis is the same. (*See* Part II.B, *infra*.)  Plaintiffs pled a "Demand to Exhibit the Original Note" claim in their state court complaint, arguing that Peterson "should have known the foreclosures they conducted were fraudulent" because Defendants did not possess the "Original Notes". (Compl. ¶¶ 84-85, July 22, 2011, Docket No. 1.)  This claim is a blatant show-me-the-note claim and is not plausible on its face.

survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Id.* (internal quotation marks omitted). Finally, Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### B.    Defendants' Motion to Dismiss

Defendants move to dismiss all of Plaintiffs' claims because Plaintiffs do not state a claim that is plausible on its face. The R&R recommended granting both motions. Plaintiffs specifically object that their conversion, unjust enrichment, fraud, misrepresentation, quiet title, and slander of title claims should not be dismissed and are not based on a show-me-the-note theory. The Court will address each claim to which the Plaintiffs provide specific objections in turn.

Plaintiffs contend that their conversion and unjust enrichment claims are not based on a show-me-the-note theory. The conversion claim alleges that "Defendants were not entitled to enforce the Original Notes and were not entitled to receive payment on the notes from the Plaintiffs." (Am. Compl. ¶ 102.) The unjust enrichment claim alleges that

the Defendants received mortgage payments from Plaintiffs only because Plaintiffs incorrectly believed Defendants held legal title to the "Original Notes" and that Defendants' acceptance of those payments is inequitable. (*Id.* ¶¶ 107-109.)  The Court agrees that the argument underlying these claims is not a classic show-me-the-note argument,[3] but the core theory is still based on the Defendants' inability to enforce the mortgage because of the alleged separation of possession of the note and the mortgage.[4] To the extent the claim is not based on a show-me-the-note theory – that is, if a Defendant was not entitled to the monthly payment because it was not the owner of the underlying promissory note – the dispute is between that Defendant and the owner of the underlying promissory note; Plaintiffs would have no claim.  *Robinson v. Bank of Am., N.A.*, No. 11-2284, 2012 WL 2885128, at *8 (D. Minn. May 31, 2012) *report and recommendation adopted*, 2012 WL 2885477 (D. Minn. July 13, 2012).  Thus, Plaintiffs' claim for conversion and unjust enrichment will be dismissed as not facially plausible.

Plaintiffs object that dismissing their fraud claims with prejudice for not being pled with sufficient particularity is improper.  Although the R&R noted that the claims could be dismissed on that basis, it dismissed the "claims sounding in fraud . . . [because they are] based on the flawed 'show-me-the-note' theory . . . ."  (R&R at 13.)  As

---

[3] "A plaintiff bringing a show-me-the-note claim argues that someone who does not hold the note cannot **foreclose** on the mortgage securing the note. Here, however, plaintiffs argue that someone who did not hold the note solicited and collected payments on the note."  *Welk v. GMAC Mortg., LLC*, No. 11-2676, 2012 WL 1035433, at *11 (D. Minn. Mar. 29, 2012) (emphasis added).

[4] Plaintiffs are alleging that because "Defendants are not in possession of Plaintiffs' Original Notes" they are not "entitled to enforce Plaintiffs' Original Notes."  (Am. Compl. ¶ 28.)

Plaintiffs' pleading demonstrates, this claim is based squarely on a show-me-the-note theory. (*See* Am. Comp. ¶ 122 ("Defendants have falsely represented to Plaintiffs . . . that they have legal standing to pursue a foreclosure remedy against Plaintiffs . . .").) The Court will, therefore, dismiss the fraud claim with prejudice.

Similarly, the Court will reject Plaintiffs' negligent misrepresentation claim because it is based on a show-me-the-note theory. Plaintiffs allege "Defendants represented to Plaintiffs that they, or their principal, had the right to foreclose Plaintiffs' mortgages." (Am. Compl. ¶ 145.) The only reason Defendants would not have this right is if lacking possession of Plaintiffs' notes precluded them from foreclosing on Plaintiffs' mortgages. It does not. *See Jackson v. Mortgage Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 501 (Minn. 2009).

Plaintiffs concede that a show-me-the note theory is "one basis" for their quiet title claim, but argue that the claim also challenges the validity of the Defendants' interest – not just their right to foreclose. (Pls.' Obj. to R&R at 11, June 20, 2012, Docket No. 64.) But to the extent Plaintiffs list other reasons the mortgages might be invalid (Am. Compl. ¶ 87), those reasons are unsupported "'shot in the dark' allegation[s.]" *Blaylock v. Wells Fargo Bank, N.A.*, No. 12-693, 2012 WL 2529197, at *5 (D. Minn. June 29, 2012). Similarly, Plaintiffs concede that a show-me-the note theory is "one basis" for their slander of title claim, but argue that the claim is also based on the Defendants' lack of legal title to the mortgage. (Pls.' Obj. to R&R at 12.) Yet Plaintiffs do not provide any facts (other than that Defendants did not hold the notes) to support their assertion that Defendants did not have proper title to the mortgages. Therefore, the Court will dismiss

Plaintiffs' quiet title and slander of title claims.[5]   In sum, because the Court finds that Plaintiffs have failed to state a claim to relief that is plausible on its face, it will grant Defendants' motions to dismiss.

## III.   DEFENDANTS' FEES AND COSTS

The R&R recommended granting the Defendants' motion for fees and costs pursuant to Rule 41.   Rule 41(d) provides that where a plaintiff who has once dismissed an action files another suit based on or including the same claim, the Court may order the payment of costs of the previously dismissed action.   Fed. R. Civ. P. 41(d).

Plaintiffs specifically object to the R&R's consideration of Plaintiffs' counsel in other cases filed in this district on behalf of different individuals.[6]   But the Court finds that the R&R properly limited its analysis to the specific history of the parties involved in this case (*see* R&R at 34), while noting Plaintiffs' retention of Butler despite (or perhaps because of) his procedural maneuvering in similar cases.   The Court finds this critique of the R&R's analysis to be without merit.

---

[5] Plaintiffs object that the Court should dismiss their quiet title claim (to the extent it is not based on the show-me-the-note theory) without prejudice to allow them to amend their complaint.   But Plaintiffs have already amended their complaint once, have not suggested how they would cure the deficiencies of this pleading, and have not pled facts that would support this claim.   Given the number of times Plaintiffs' counsel has brought these and similar claims in this district and Plaintiffs' failure to indicate how they would amend their filing, the Court concludes a dismissal with prejudice of these claims is proper because amendment would likely be futile. Fed. R. Civ. P. 15(a); *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009).

[6] The cases do not necessarily concern different individuals.   For example, the Court notes that Chip A Rice is also a party in *Tully v. Bank of America, N.A.*, No. 10-4734 and *Robinson v. Bank of America N.A.*, No. 11-2284.

Plaintiffs also object that re-filing a case in state court does not necessarily mean that they were improperly forum shopping.  Plaintiffs are correct, but in the absence of a proper purpose for their re-filing, the Court is left with the conclusion that Plaintiffs were forum shopping.  *See Thatcher v. Hanover Ins. Grp.*, 659 F.3d 1212, 1214 (8th Cir. 2011) ("[W]e have repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum.").  The Court can ascertain no credible reason[7] why Plaintiffs dismissed the original action and immediately re-filed it.

Finally, Plaintiffs argue that only costs, not attorneys' fees should be awarded pursuant to Rule 41(d).  The availability of attorneys' fees under Rule 41(d) is somewhat unsettled in the Eighth Circuit.  *See, e.g.*, *CIVCO Med. Instruments Co., Inc. v. Protek Med. Prods., Inc.*, 231 F.R.D. 555, 563-64 (S.D. Iowa 2005) (discussing Eighth Circuit case law).  Nevertheless, the Eighth Circuit has affirmed an award of attorneys' fees under Rule 41(d).  *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980).[8]  The Court concludes that for the rule to have "teeth", Congress must have intended courts to have the discretion to include attorneys' fees in "costs" under Rule 41.  *Behrle v. Olshansky,* 139 F.R.D. 370, 375 (W.D. Ark.1991).  Thus, in order to discourage counsel and parties from engaging in the filing, voluntary dismissal, and re-filing cycle engaged

---

[7] Plaintiffs state that "they have learned from the results in other matters" and needed to amend their Complaint accordingly (Pls.' Obj. to R&R at 18), but the changes to the Complaint were incidental (*see also* R&R at 26), and Butler has not explained how those small changes were the result of motions filed in another action.

[8] *See also Robinson v. Bank of Am., N.A.*, Civ. No. 11-2284, 2012 WL 2885477 (D. Minn. July 13, 2012) (awarding attorneys' fees under Rule 41(d)).

in by Plaintiffs, attorneys' fees will be awarded here.  Subsequent proceedings will be conducted by the Magistrate Judge to determine the proper scope of Defendants' attorneys' fees and costs.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the plaintiffs' objections [Docket No. 64] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated July 3, 2012 [Docket No. 58]. Accordingly, **IT IS HEREBY ORDERED** that:

1.    Peterson, Fram & Bergman, P.A.'s Motion to Dismiss [Docket No. 25] is **GRANTED**, and all claims against them are **DISMISSED WITH PREJUDICE**.

2.    Defendants Bank of America, N.A.; BAC Home Loans Servicing, LP; Bank of New York Mellon; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; U.S. Bank, N.A.; and Wells Fargo Bank, N.A.'s motion to dismiss [Docket No. 21] is **GRANTED**, and all claims against them are **DISMISSED WITH PREJUDICE**.

3.    Plaintiffs' Motion to Remand [Docket No. 38] is **DENIED.**

4.    Defendants' Motions for Attorneys' Fees and Costs [Docket Nos. 45 and 49] are **GRANTED**, subject to further proceedings before the Magistrate Judge.

DATED:  August 17, 2012                                  _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                         JOHN R. TUNHEIM
                                                                          United States District Judge